Fecteau, J.
The plaintiff has brought a 9-count complaint against the defendants alleging, essentially, that she has been frozen out of a closely-held corporation and that the other director/shareholders, all of whom are related to each other by blood or marriage, have breached their fiduciary duty to her as the only non-related, shareholder/employee. She is a 25% shareholder and was, until July 2000, an employee. She makes both direct and indirect claims against both the corporation and the other shareholder/employees. The defendants contend and the plaintiff concedes that she was an “at-will” employee, although the plaintiff contends that she had an expectation of long-term relationship with this company. The defendants say further, notwithstanding that her termination need not have been based upon “good cause,” that it was done in the exercise of legitimate business judgment and was for good cause.
The defendants have filed a motion for partial summary judgment, challenging the basis for the plaintiff s counts for “wrongful termination” (count VIII), unlawful interference with economic relations (counts II and III), breach of the implied covenant of good faith and fair dealing (count V) and for unlawful distribution of excessive salary and bonuses (count I). The plaintiff opposes said motion, first on the basis that the defendants either misunderstand or misconstrue her claims and second, that the summary judgment record sufficiently demonstrates genuine issues of material fact with respect to each count challenged by the defendants. The parties were heard in connection with the motions on August 13, 2001.
First, the summary judgment record establishes that Resource Management, Inc. (“RMI”) is a closely-held corporation, as that term has been defined in the case law, as it has a small number of shareholders, there is no ready market for its shares and there is substantial majority shareholder participation in the management, direction and operations of the corporation. Donahue v. Rodd Electrotype Company of New England, Inc., 367 Mass. 578, 586 (1975).
The defendant contends that the plaintiffs claim of wrongful termination (count VIII), cannot stand, as the only reason for the claim is alleged to be the plaintiffs perception that her termination in July 2000, was in retaliation for her having filed this action on June 26, 2000, which includes derivative shareholder claims. Relying chiefly upon King v. Driscoll, 418 Mass. 576 *601 (1994) (“King F), the defendants contend that such a basis is insufficient under the public policy exception to the general rule governing termination of “at-will” employees. However, even if count VIII in the plaintiffs complaint alleged wrongful termination, from the line of cases beginning with Fortune v. National Cash Register Company, 373 Mass. 96 (1977), there has evolved another exception, that being the covenant of good faith and fair dealing that is implied in every employment agreement, at-will or otherwise. From the record as provided by the parties in connection with this motion, it can be gleaned that the plaintiff essentially complains that she has been terminated in order to freeze her out of her ownership interest and the only way for her to obtain a return of her investment, that being salary, commissions and bonuses, since the corporation did not pay dividends. Moreover, she claims that commissions for past performance has been improperly withheld or reduced; according to the written employment agreement, if she were terminated for cause, residual commissions on already performed work would be reduced by one-half.
As it was noted in King v. Driscoll, 424 Mass. 1 (1996) (“King II"), the trial court found in favor of the plaintiff on his “wrongful termination” count on each of two independent bases, first, under the covenant of good faith and fair dealing and, second, under the public policy exception to the general rule on terminable “at-will” employees. The court was not required to address, in either “King F or “II,” the sufficiency of the basis for the trial judge’s decision on the application of the covenant of good faith to the facts therein.[1]
Secondly, the plaintiff says that the defendants misconstrue her claim, that she has pleaded and shown sufficient evidence under Rule 56 to warrant a trial and to establish a “freeze-out” claim against the president and the person who controls the majority shares — Reinaldo Lopez, relying upon Wilkes v. Springside Nursing Home, Inc., 370 Mass. 842, 849-51 (1976). (See also discussion of “freeze-outs” in Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 588-95 (1975).)The plaintiff contends, moreover, that this issue of “freeze-out,” or breach by the defendants of their fiduciary duty to her, is, in effect, interwoven with her claim that the corporate defendant breached the covenant of good faith and fair dealing, and together, they arch over the entire case. She seeks affirmatively, an order of summary judgment on her claim.
One element of a “freeze-out” claim is whether corporate decisions such as those before the court in this case, including compensation issues and termination of employees, were done without any legitimate business purpose, and, if so, whether there were less onerous alternatives to the minority interest than the course taken. In consideration of not only the defendants’ motion, but of the plaintiffs cross motion as well, the record establishes a genuine issue of material fact with respect to this element.
With respect to count V, the plaintiff claims that RMI breached the covenant of good faith and fair dealing with respect to her employment agreement. The defendants contend that the plaintiff is not entitled to pursue such a claim since she herself has breached her corresponding covenant to the employer. Similar to the issue of legitimate business purpose, a material issue to a claim of a breach of the covenant of good faith and fair dealing is whether the conduct of the party under scrutiny injured or destroyed the right of the other party to receive the benefits of the contract. Questions remain as to whether any significant breaches by either employee or employer have occurred and whether either party is excused from performance by a less significant, later-in-time breach by the other. The summary judgment record provides adequate support to conclude that a genuine issue of fact exists with respect to whether the defendant has breached the covenant of good faith and fair dealing, with respect to earnings withheld for past performance, whether the plaintiff was terminated for good cause and plaintiff committed any acts that injured or destroyed the benefits to which the defendant was entitled under the contract.
Count I alleges that the individual defendants breached the fiduciary duty owed to the plaintiff as a minority shareholder of a closely-held corporation by “freezing-out” the plaintiff and by paying excessive salaries and bonuses to themselves, thus reducing the amount of net profit available to her as either a bonus or dividend. As the discussion explained in Donahue v. Rodd Electrotype Company of New England, id., for the majority to terminate an employee/shareholder under such circumstances amounts to cutting off that minority shareholder/employee from the only source for her to obtain a return on her ownership interest. A duty of “utmost good faith and loyalty” is owed to a minority shareholder in a close corporation. “Stockholders in close corporations must discharge their management and stockholder responsibilities in conformity with this strict good faith standard. They may not act out of avarice, expediency or self-interest in derogation of their duty of loyalty to the other stockholders and to the corporation. Donahue, supra, at 593. As in Donahue, the summary judgment record allows for a basis to conclude, for purposes of this motion, that the individual defendants acted as a single unit that together controlled 75% of the ownership of the corporation and 6 out of 7 votes on the board of directors. The material issue is whether the defendants acted in conformity with their duty of loyalty to the plaintiff in connection with her termination and in connection to the compensation paid to her and them, including whether her termination was for good cause and whether she consented to the manner in which bonuses had been paid prior to her termina *602 tion. Whether there were legitimate business reasons for both only serves to show that there are genuine issues of material fact as to these issues notwithstanding the deference that business judgment and decisions are allowed.[2]
Lastly, the defendant Lopez contends that the plaintiff has not established a sufficient basis in law and fact to pursue her claims for unlawful interference with economic relations (counts II and III). Specifically, he argues that there is no evidence of “malignant motive," and that even if there was evidence suggestive of actions taken for financial gain, such is inadequate to supply the necessary foundation for interference claims, again relying on King v. Driscoll, 418 Mass. 576 (1994). Indeed, the King courts so held, relying upon the findings by the trial judge that King was fired “out of ill-will, spite and greed: ‘intending to secure more power and monetary benefits for themselves.’ ” King v. Driscoll, id., at 587. That case appears not to have involved issues of a minority shareholder “freeze-out,” however, or at least none sufficient to warrant such a discussion in either decision.[3] Here, however, there is some support in the summary judgment record to warrant a trial on the issue of the “freeze-out” of a minority shareholder, an issue that goes beyond mere personal or financial gain and that is suggestive of a hurtful motive. In a case which decided that a tort statute of limitations should be applied to a “freeze-out” claim, the court stated: “[t]ypically, however, there is no promise to be enforced, the duty is one imposed by law because of the nature of the relationship and not because of an agreement between the parties, and the claim is based upon intentional conduct designed to inflict injury on another.” Kirley v. Kirley, 25 Mass.App.Ct. 651, 653 (1988), further appellate review den’d, 402 Mass. 1104. As such, it is a sufficient basis upon which to permit counts II and III, alleging unlawful interference with advantageous and contractual relations to be heard by the finder of fact.
Consequently, and for the foregoing reasons, the defendants are not entitled to summary judgment on Counts I-III, V and VIII on the ground that there are genuine issues of material fact with respect to them. Moreover, the plaintiff is likewise not entitled to summary judgment on her claim for “freeze-out” alleged in Count VIII. The motions are denied.

 Ultimately, after remand for purposes of recalculation of damages under that theory, the trial court found the plaintiff s evidence insufficient to show damage and a decision was entered for the defendant corporation.

 It should be further noted that the only basis upon which the plaintiff ultimately recovered in King v. Driscoll, (“I” and “II”) was on his claim against individual shareholders for breach of their fiduciary duty to him as a minority shareholder.

 In the Appeals Court decision in the case of Merola v. Exergen, 38 Mass.App.Ct. 462 (1995) (later reversed on further appellate review at 423 Mass. 461 (1996)), the court noted that the minority ownership of the plaintiff in King was a little more than 3%. Merola, supra, at 470, in. 10.